70 F.3d 1290
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Barbara MOWEN and David Mowen, Parents and legal
representatives of Jesse Mowen, Petitioners-Appellants,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent-Appellee.
 No. 95-5040.
 United States Court of Appeals, Federal Circuit.
 Nov. 17, 1995.
 
 Before ARCHER, Chief Judge, NEWMAN, and LOURIE, Circuit Judges.
 ARCHER, Chief Judge.
 
 
 1
 Barbara and David Mowen appeal the judgment of the Court of Federal Claims upholding the special master's denial of compensation for their son Jesse under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. Sec. 300aa-1 to -34 (1988 & Supp. V 1993) (Vaccine Act). Mowen v. Secretary of Dep't of Health and Human Servs., No. 90-1706V (Fed.Cl. Nov. 22, 1994). We affirm.
 
 DISCUSSION
 
 2
 Jesse Mowen, born May 31, 1980, suffers from a seizure disorder. Jesse received a diptheria-tetanus-pertussis (DTP) vaccination on September 30, 1980. Under the Vaccine Act, a seizure disorder may be a compensable table injury if the first symptom or manifestation of that disorder occurs within three days of receiving a DTP vaccination. 42 U.S.C. Sec. 300aa-14. According to Jesse's medical records, he started having seizures around late November 1980. Mrs. Mowen, however, asserted that Jesse started having staring spells the day after his vaccination, October 1, 1980, which could have been a manifestation of a seizure disorder.
 
 
 3
 The special master found that Mrs. Mowen's testimony was not credible or probative in view of the contemporaneous medical records which clearly and consistently placed the onset of Jesse's seizures at approximately two months after his DTP vaccination. Because the Mowens presented no other evidence relating to the onset of Jesse's staring spells, the special master found that the Mowens failed to prove a table injury by a preponderance of the evidence. The special master also determined that the Mowens failed to show actual causation and, therefore, dismissed their petition.
 
 
 4
 On appeal to the Court of Federal Claims, the Mowens only challenged the finding that they had not made a prima facie showing of a table injury. Finding no error or abuse of discretion, the Court of Federal Claims upheld the decision of the special master.
 
 
 5
 We review de novo the decision of the Court of Federal Claims as to whether the special master's decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. Knudsen v. Secretary of the Dep't of Health and Human Servs., 35 F.3d 543, 546 (Fed.Cir.1994); Hines v. Secretary of the Dep't of Health and Human Servs., 940 F.2d 1518, 1524 (Fed.Cir.1991).
 
 
 6
 The Mowens do not dispute that generally this court affords great deference to the special master's credibility determinations. See Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986) (credibility determinations are "virtually unreviewable"). Instead, the Mowens assert that this case is exceptional and that no deference is due because the special master was biased against Mrs. Mowen's testimony. The Mowens charge that because the special master misinterpreted a letter in Jesse's medical file he was predisposed not to believe Mrs. Mowen's testimony. The January 30, 1981 letter prepared by one of Jesse's doctors stated that Jesse started having seizures after Thanksgiving and that "[t]he mother has noted some staring spells earlier on since he started having these seizures, but has not noted this recently." The special master, emphasizing the word "since," interpreted this statement to mean that the staring spells were noted after the onset of the seizures. The Mowens assert that, correctly interpreted, this letter shows that the staring spells occurred prior to the seizures.
 
 
 7
 Notwithstanding these contentions, we are convinced that the Court of Federal Claims correctly sustained the special master's decision. First, as the Court of Federal Claims noted in its opinion, the 1981 letter does not place the onset of Jesse's staring spells within three days of a DTP vaccination.
 
 
 8
 Second, the special master offered very specific reasons for finding Mrs. Mowen's testimony not credible. The special master referred to the length of time that had passed since Jesse's vaccination--thirteen years--and stated that he had "no confidence whatsoever" in Mrs. Mowen's memory of the events. He emphasized that her recollection of the events had changed over time, noting that two years after Mrs. Mowen filed an affidavit with Jesse's petition for compensation she filed a clarifying affidavit. The special master also found her testimony to be illogical and inconsistent in that it contradicted her actions. Specifically, the special master cited five separate occasions between the time of Jesse's vaccination and his seizures when Mrs. Mowen took Jesse to see the family doctor, and two other occasions when Mrs. Mowen spoke with the doctor regarding unrelated medical problems. In none of these office visits or telephone calls is there any record or evidence that Mrs. Mowen mentioned these staring spells. The special master found it unbelievable that if Jesse was suffering from five to ten staring spells a day lasting up to ten minutes each during that nearly two month period, as Mrs. Mowen asserted, that she would not have told the doctor. In contrast to Mrs. Mowen's testimony, the special master found that the medical records consistently placed the onset of Jesse's seizures around late November 1980, and that the family doctor very credibly testified as to the accuracy of these records. Finally, the special master noted that Mrs. Mowen's husband could not corroborate her testimony.
 
 
 9
 It is apparent that the special master fully considered the facts and circumstances of this case and the entirety of Mrs. Mowen's testimony. Accordingly, the Court of Federal Claims correctly determined that the decision of the special master was not arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law.